[Civ. No. 3477. Second Appellate District, Division One.—March 26, 1921.]

BEATRICE DANTON, a Minor, etc., Appellant, v. WALTER F. HAAS et al., Executors, etc., et al., Respondents.

[1] Apprentices—Obligation to Provide Maintenance—Death of Master—Construction of New York Law.—Under section 6, chapter 635, Laws of New York, of the year 1872, the obligation of the master to provide maintenance and instruction for an indentured minor is personal to the master and terminates with his death, as also does the correlative obligation of the indentured minor to serve.

[2] Id.—Action Based on Rejected Claim—Construction of Indenture.—In this action by an indentured minor to recover upon two rejected claims against the estate of her deceased "master," the court correctly determined that the demands for support and maintenance, other than the portion of one of the demands for a specific sum agreed in the indenture or contract of service to be provided by the will of the deceased, were not authorized by the

contract entered into by the deceased at the time plaintiff was placed and indentured to her, construing that contract in the light of the obligations of the deceased under the laws of New York which applied to the case.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

G. A. Gibbs for Appellant.

H. L. Dunnigan, L. A. Lewis, Walter Loewey and Edward F. Wehrle for Respondents.

CONREY, P. J.—The New York Foundling Hospital is a corporation of the state of New York. Its charter was amended by chapter 635, Laws of New York, of the year 1872, which statute was in force at all times herein mentioned. That law authorized the corporation to receive and keep under its care, charge, custody, and management, certain classes of children. The corporation was given power, when children in their care attained a proper age, to place them at suitable employments and cause them to be instructed in suitable branches of knowledge, and had discretion to bind out or indenture such children as clerks, apprentices, or servants, to some profession, trade, or employment, for such time or period as they may deem proper, not exceeding, however, in the case of girls, the age of eighteen years. Section 6 reads as follows: "In the case of the death of any master to whom any child shall have been bound to service under the provisions of this act . . . then such death shall have the effect to cancel and annul the indenture or contract of service; and thereupon the said corporation shall resume the charge and management of such child and have the same power and authority with regard to it as before the indenture or contract of service was made."

On the twenty-ninth day of June, 1912, the hospital had in its care and custody the plaintiff, Beatrice Danton, then three years of age. On that day, by an agreement in writing entered into between said hospital and Rosa Von Zimmerman, the hospital, as party of the first part, placed and indentured the said Beatrice Danton to Rosa Von Zimmerman, as party of the second part, "as her own child in every respect until the said Beatrice Danton shall arrive at her

legal majority, to live with, and be employed by the said
party of the second part in and about her house and house-
hold, and the affairs thereof, and to be instructed therein
and also as hereinafter specified . . ." The party of the
second part agreed, among other things: "I. That during
all the time aforesaid Baroness Rosa Von Zimmerman will
provide said Beatrice Danton with suitable and proper
board, lodging and medical attendance, and all things neces-
sary and fit for any indentured child, and in all respects
similar to what would ordinarily be provided and allowed
by the said party of the second part, or one in her station
of life, for her own child or children. If the said child
is returned to the party of the first part when she shall
reach her legal majority then the party of the second part
shall give to said child a new Bible, a complete suit of new
clothes, together with all those she shall then have in use,
and an outfit of at least the same in every respect as their
own child." II. To provide for the education and instruc-
tion of the minor, as stated, "and generally that said child
shall be maintained, clothed, educated and treated with like
care and tenderness as if she were in fact the child of the
party of the second part and will provide for said child,
financially and in every other way, as if the said child were
adopted by the said party of the second part under the
laws of the state of New York." VIII. It was further
provided that if the child be not returned to the party
of the first part when she attains her legal majority, or
before that time, and the agreement of indenture canceled
and annulled by consent of both parties, the party of the
second part agreed to provide for said child as follows: "If
said child shall attain the age of eighteen years, the party
of the second part agrees, in consideration of this indenture
and of being permitted by the party of the first part to
keep said child, to create a trust fund of fifteen thousand
dollars, said fifteen thousand dollars to be deposited with
I. & W. Seligman, of New York City, as Trustee. The in-
terest of said trust fund of fifteen thousand dollars is to
be devoted by the said trustee to the care and maintenance
and education of said Beatrice Danton until the said Bea-
trice Danton shall attain the age of thirty, at which time
the principal and any accumulations of interest are to be
paid over to her." "IX. And the party of the second part

further agrees that her last will and testament shall contain a provision giving and bequeathing to the said Beatrice Danton a further sum of fifteen thousand dollars. In the event of the death of the party of the second part before the said Beatrice Danton shall attain the age of thirty, said sum of fifteen thousand dollars is to be deposited with the I. & W. Seligman, and the interest devoted to the care and maintenance of Beatrice Danton until she shall attain the age of thirty, when the principal and any accumulations of interest shall be given to her.''

After the indenture had been made, Rosa Von Zimmerman took Beatrice Danton into her possession and brought her to the county of Los Angeles, state of California, where they resided until the death of the Baroness Von Zimmerman, which occurred on the twenty-fifth day of April, 1917. The baroness left an estate of large value, apparently sufficient to satisfy the claims at issue in this action. After the twenty-fifth day of April, 1917, the Title Insurance & Trust Company, a corporation, was duly appointed guardian of the estate of said minor, and as such guardian presented two claims against the estate of Rosa Von Zimmerman, one for fifty thousand dollars, to provide maintenance and care for said minor until she should reach her majority, and another for thirty thousand dollars, fifteen thousand dollars thereof to be placed in trust with I. & W. Seligman of New York, and fifteen thousand dollars which it was alleged that under said agreement Rosa Von Zimmerman agreed should be provided in her will to and for the benefit of said Beatrice Danton. The claim for fifty thousand dollars was rejected. The claim for thirty thousand dollars was allowed and paid as to the fifteen thousand dollars agreed to be provided by the will of the deceased, and as to the remainder of the thirty thousand dollar claim the claim was rejected. The will of Rosa Von Zimmerman made no provision for said Beatrice Danton. This action to recover upon the rejected claims was brought by the guardian against the executors and the beneficiaries named in the will of the deceased. Answer having been made denying all the material allegations of the complaint, the case went to trial. At the close of the plaintiff's evidence a motion for nonsuit was granted and judgment entered in favor of defendants. From this judgment the plaintiff appeals.

The facts are not in dispute. The questions upon which the appeal rests are questions of law, and of interpretation of the contract, the answers to which will determine the rights of the plaintiff to the relief demanded.

The terms of the indenture which provide for instruction to be given to the minor were placed therein pursuant to the statute mentioned above, together with certain other statutes, all of which were mentioned in the articles of indenture. These statutes were by stipulation introduced into the record as admitted facts of this case. Aside from the provisions of section 6 of chapter 635, which we have stated, the only other provision relating to the education of indentured children, in the statutes referred to in the contract, is contained in chapter 14 of the Consolidated Laws, Domestic Relations Laws, article VIII, paragraph 121, of the state of New York. In section 9 of that paragraph, it is provided that if a minor is indentured by the authorities of an orphan asylum, the master or employer shall agree to cause the child ''to be instructed in reading, writing and the general rules of arithmetic.''

Concerning the first rejected claim, it was stated in the demand as presented to the executors, and is now claimed by the plaintiff, that the sum of fifty thousand dollars is the amount necessary to carry out the terms of the indenture wherein the deceased agreed to provide said minor child with proper board, lodging, medical attention, and to maintain, clothe, and educate said minor, and to provide for said minor financially and in every other way until said minor shall reach her majority. As the minor was only seven years old at the time of the death of Rosa Von Zimmerman, this period of minority, unexpired at the time of said death, was about eleven years. In the statement of the case made by counsel for appellant, we fail to observe that any evidence or stipulation was introduced to prove that the sum required would amount to fifty thousand dollars, or any other definite sum. But since no point is made concerning this, we shall assume that, if there had been no judgment of nonsuit, the court might have been placed in position to determine the reasonable amount necessary for the stated purposes. The inventoried value of the estate exceeded two million dollars, and it was stipulated that ''if

it becomes a matter for the court to decide,'' the exact value of the estate might be shown.

[1] Under the laws of New York which apply to the case, the obligation of the master to provide maintenance and instruction for the minor terminates with the death of the master. In a New Jersey case arising under similar laws of New York it was held that the covenants on the part of the master were personal, and that the covenant for support, must end with his death, as also did the correlative obligation to serve. (*Petrie* v. *Voorhees' Exr.*, 18 N. J. Eq. 285.) [2] We think that this is the true rule. It also seems clear that the contract in the case at bar was made upon the assumption that this was the law. Being willing, however, that the minor should be provided for beyond her minority, if until attaining the age of eighteen years she remained with Rosa Von Zimmerman, the latter agreed that in that event she would create a trust fund, the interest whereof would be devoted to the maintenance of Beatrice Danton until she became thirty years old, when the entire. fund would be paid to her. And being further willing to provide for the support of said Beatrice Danton even in the event of her own death, Rosa Von Zimmerman further agreed to make a bequest in favor of the child, in the manner stated in the contract of indenture. This last provision would not have been necessary to accomplish the purpose stated, if the other obligations assumed were those claimed by appellant. Fulfillment of the condition upon which Rosa Von Zimmerman could have been required to create a trust fund available in her lifetime, has become impossible. The demand for a fund of fifty thousand dollars to provide an income for appellant's support, is based upon the same theory which the parties must have had in mind in making the agreement, that the will of decedent should provide a fund of fifteen thousand dollars for the ward's benefit. For that fund was to provide for her maintenance and support during her minority; although, in addition, she would have further support, and ultimately receive the entire fund. This express agreement having been made, no other may be raised by implication. Admitting it to be true, as contended by counsel for appellant, that the contract was far more generous than the statutes required in the case of such an indenture, and that ''the baroness'' undertook to treat the

child as her own, the limits of the agreement are, neverthe-
less, fixed and determined. We think that those limits
exclude the demands made in this action.

The judgment is affirmed.

James, J., and Shaw, J., concurred.